UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Kenneth Leff, | : |
| Plaintiff, | : Civil Action No.: _____ |
| v. | : |
| Verizon Wireless; and DOES 1-10, inclusive, | : |
| Defendants. | : |

## COMPLAINT

Plaintiff, Kenneth Leff, says by way of Complaint against Defendant, Verizon Wireless, as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq*. (the "TCPA").

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here, Plaintiff resides in this judicial district, and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. The Plaintiff, Kenneth Leff ("Plaintiff"), is an adult individual residing in Whitehouse Station, New Jersey, and is a "person" as defined by 47 U.S.C. § 153(10).

5. Defendant Verizon Wireless ("Verizon"), is a New York business entity with an address of 2000 Corporate Drive, Orangeburg, New York 10962, and is a "person" as defined by 47 U.S.C. § 153(10).

6. Does 1-10 (the "Agents") are individual employees and/or agents employed by Verizon and whose identities are currently unknown to the Plaintiff. One or more of the Agents may be joined as parties once their identities are disclosed through discovery.

7. Verizon at all times acted by and through one or more of the Agents.

## FACTS

8. In or around September 2013, Verizon placed calls to Plaintiff's cellular telephone.

9. At all times referenced herein, Verizon placed calls to Plaintiff's cellular telephone by using an automated telephone dialer system ("ATDS") and/or by using an artificial or prerecorded voice.

10. When Plaintiff answered the calls from Verizon, he heard a prerecorded message delivered by Verizon. The prerecorded message indicated that Verizon had important information regarding Plaintiff's account and directed Plaintiff to visit www.verizonwireless.com/paymybill or call Verizon back.

11. Verizon originally had obtained express consent to call Plaintiff's cellular number, however during a conversation with a live representative in or around early October 2013, revoked his consent to be robocalled and demanded that the calls to his cellular telephone cease. Accordingly, Verizon no longer had consent to contact Plaintiff at his cellular telephone by using prerecorded voice.

12. However, despite having been instructed by Plaintiff not to call, Verizon thereafter continued to place multiple calls to Plaintiff's cellular telephone.

13. The telephone number called by Defendant was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

14. The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

## COUNT I

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, *et seq.*

15. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

16. Without prior consent/after revocation of consent the Defendants contacted the Plaintiff by means of automatic telephone calls or prerecorded messages at a cellular telephone or pager in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

17. Verizon placed calls to Plaintiff's cellular telephone using prerecorded voice knowing that it lacked consent to call his number. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

18. As a result of each call made in negligent violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

19. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

20. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21. The Restatement of Torts, Second, § 652(b) ascribes liability for intrusion upon seclusion where one individual, "intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns," and further states that "[said individual] is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

22. New Jersey further recognizes Plaintiff's right to be free from invasions of privacy. Thus, the Defendant violated New Jersey state law.

23. The Defendants' telephone calls to the Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding [the Plaintiff]," and "a substantial burden to [his] existence," amounting to an invasion of privacy as defined by the Restatement of Torts, Second, § 652(b).

24. The Defendants' conduct of engaging in the foregoing illegal collection activities resulted in multiple invasions of privacy that would be considered highly offensive to a reasonable person.

25. As a result of the intrusions and invasions enumerated above, the Plaintiff is entitled to actual damages from the Defendants in an amount to be determined at trial.

26. All acts of the Defendants and their agents were committed with malice, intent, wantonness, and recklessness, and as such, the Plaintiff is entitled to punitive damages from the Defendants.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

A. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

B. Treble damages of $1,500.00 for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C);

C. Such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: October 21, 2013

                                                          Respectfully submitted,

                                                          By: /s/ Sofia Balile

                                                          Sofia Balile, Esq.
                                                          Lemberg & Associates LLC
                                                          1100 Summer Street
                                                          Stamford, CT 06905
                                                          Phone: (917) 981-0849
                                                          Fax:   (888) 953-6237